Civilian fay; reinstatment. — Qi\ June 25,1976 the following order was entered:
*743 Before 'Cowen, Chief Judge, Dtjreee, Senior- Judge,, and Kunzig, Judges
“This case comes before the court on defendant’s suggestion and motion, filed May 5,1976, for rebearing en band pursuant to Rules 7 (d) and 151. Upon consideration thereof, together with the response in opposition thereto, without oral argument, by the seven active Judges of the court as to the suggestion for rehearing en bane under Rule 7(d), such suggestion is denied. In denying rehearing en bane the- court emphasizes that it deems that plaintiff, in his opposition to the defendant’s petition for rehearing en bane and for rehearing, has rejected the position that he had to be reinstated, and the court concludes that he is content with the relief he has been accorded. In that situation reinstatment is certainly, not mandatory, just as it would not be if plaintiff had failed to ask for reinstatement in his petition [See Rule 35(g)] or other papers. If defendant remains fearful that, despite plaintiff’s position on the rehearing petition, he will be able to recover back-pay indefinitely, it can always reinstate'him voluntarily. The court’s decision [reported at 209 Ct. Cl. 126, 531 F. 2d 505 (1976)] does not preclude such action by the Government. .
“The case having been further so considered by the panel listed above as to the motion for rehearing under Rule. 151,
“it is ordered that defendant’s said motion for rehearing be and the same is denied.” ' ■